**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER A. AYALA, AKA Walter Alexis Ayala Garcia, | No.   15-73216 |
| Petitioner, | Agency No. A088-966-700 |
| v. | MEMORANDUM[*] |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2018
Pasadena, California

Before:  WARDLAW and OWENS, Circuit Judges, and DORSEY,[**] District Judge.

Walter A. Ayala, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his untimely motion to

reopen his case.  We review the denial of a motion to reopen for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

discretion. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

In 2013, Ayala moved the BIA to reopen proceedings for his applications for asylum, withholding of removal, and Convention Against Torture protection. He argued that increased gang violence in El Salvador and new threats to his family since his previous hearing in 2010 warrant a different outcome in his applications. The BIA dismissed Ayala's motion to reopen, concluding that he failed to meet his burden of demonstrating (1) changed country conditions and (2) prima facie eligibility for relief.

The BIA did not abuse its discretion in dismissing Ayala's claims based on his status as a former Salvadoran police officer. Ayala failed to show changed country conditions because his evidence largely mirrored the evidence he presented in his 2010 hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (requiring that new evidence for a motion to reopen "be 'qualitatively different' from the evidence presented at the previous hearing" (citation omitted)). Ayala also did not establish prima facie eligibility for relief because his declaration failed to provide sufficient context to establish that he is being persecuted because of his membership in the particular social group of former police officers. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) ("A prima facie case is established when the evidence reveals a reasonable likelihood that the statutory

2

requirements for relief have been satisfied." (citation omitted) (internal quotation marks omitted)).

However, in his motion to reopen, Ayala also asserted—for the first time—a second basis for his claims for relief: persecution based on family membership. The BIA overlooked Ayala's alternative particular social group when it expressly concluded that he was not seeking protection on account of being a member of his family. Thus, the BIA abused its discretion by not considering Ayala's family membership argument. *See Bhasin v. Gonzales*, 423 F.3d 977, 983-84 (9th Cir. 2005) ( "[T]he Board must show proper consideration of all factors . . . in determining whether to grant a motion to reopen."); *Ahwazi v. I.N.S.*, 751 F.2d 1120, 1122 (9th Cir. 1985) (We do not uphold a denial of a motion to reopen if "it is arbitrary, irrational, or contrary to law.").

Thus, we grant the petition for review and remand for consideration of Ayala's family-membership basis for relief. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("[A] court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

**PETITION FOR REVIEW GRANTED; REMANDED**.